MOTION TO DISMISS
KING, Judge.
Defendant-appellees, Edward G. Milligan and New England Reinsurance Corporation, move to dismiss the devolutive appeal of plaintiff-appellant, on the grounds that the appeal was not timely perfected.
Plaintiff filed this action seeking damages he allegedly sustained as a result of a medical malpractice action brought against him by Clifton and Dora Breaux. Also made defendant was Edward G. Milligan, the Breaux’s attorney in the former lawsuit. Defendant Milligan filed a peremptory exception of no cause of action. On March 22, 1985 a hearing was held on the peremptory exception of no cause of action. After arguments the court sustained the exception, but allowed the plaintiff fifteen (15) days to amend the petition.
On May 31,1985 a hearing was held on a second exception of no cause of action filed by defendant. After arguments the court stated that it would sustain the exception of no cause of action. A formal judgment was signed on June 7, 1985.
On. June 6, 1985, the plaintiff-appellant sent a letter to the Clerk of Court requesting written reasons for the judgment. On August 21, 1985, notice of the judgment was served on the plaintiff-appellant. On October 17, 1985, plaintiff-appellant filed a motion and order for an appeal. The defendant-appellee contends that the appeal was untimely filed.
La. CCP Article 2087 provides:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the appli *389 cant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
* * * * * *
In the case before us since the appellant did not file a motion for new trial; the appeal should have been taken within sixty (60) days of the expiration of the delay for applying for a new trial which pursuant to La. CCP Article 1974 is seven (7) days from the day after the judgment was signed.
La. CCP Article 1911 provides:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of the Article has been fulfilled.
La. CCP Article 1913 provides:
Notice of the signing of a default judgment against a defendant on who citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.
In the situation at hand the case was not taken under advisement but the court did not sign a judgment at that time. Pursuant to La. CCP Article 1974 if notice of judgment was required under La. CCP Article 1913 the delay for applying for a new trial would commence to run on the day after the sheriff served notice of judgment which in the case at hand would be August 21, 1985. Notice of judgment, however, was not required in this situation. The case was not taken under advisement and the appellant did not request notice. The appellant’s letter dated June 5, 1985, requested written reasons for judgment under La. CCP Article 1917, and not notice of judgment under La. CCP Article 1913.
Thus, the delays for a new trial and appeal would, begin running the day after the final judgment was. signed, June 8, 1985. The delay for applying for a motion for a new trial expired on June 18, 1985, seven (7) working days after the date the judgment was signed. The delay for the devolutive appeal expired on August 19, 1985, sixty (60) days after the delay for the motion for a new trial expired. The plaintiff-appellant, motion for an appeal on October 17, 1985 was thus untimely.
For the foregoing reasons, the plaintiff-appellant’s motion to dismiss the devolutive appeal is granted.
MOTION GRANTED, APPEAL DISMISSED.